UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| RIGERSA MEROLLI | : | |
|    Plaintiff | : | CASE NO. |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CADENCE HEALTH, FL, PLCC | : | MAY 14, 2026 |
|    Defendant | : | |

## PETITION FOR REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

Defendant, Cadence Health, FL, PLCC, respectfully states:

### The State Court Action

1.      On or about April 15, 2026, an action was commenced against Defendant in the Superior Court for the Judicial District of Waterbury, in the State of Connecticut, entitled Rigera Merolli v. Cadence Health, FL, PLLC.  ("State Action.").  No further proceedings have been had in the State Action.  Copies of all process pleadings and orders that have been served upon Defendant in said action are annexed hereto as Exhibit A.

### Grounds for Removal: Diversity Jurisdiction

2.      The above-described action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, diversity jurisdiction.

3.      28 U.S.C. § 1441 authorizes the removal of "any civil action brought in a State court of which the district court of the United States have original jurisdiction."

4.      The Complaint alleges that Plaintiff is a resident of Connecticut.

5.      At the time of the alleged adverse action (in August-December 2025), Defendant was a professional limited liability company with two members: Dr. Theodore Feldman, who is a resident of the state of Florida, and Dr. Randall Curnow, who is a resident of the state of Ohio. Beginning in or about January of 2026, Dr. Eve Cunningham, who is a resident of the state of Washington, replaced Dr. Feldman as a member.

6.      There is complete diversity of citizenship because the Plaintiff (Connecticut) and the Defendant (Washington and Ohio, formerly Florida) are citizens of different states.

7.      The amount in controversy in this matter exceeds $75,000. A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of the statutory jurisdictional amount," exclusive of interest and costs. *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "The amount in controversy must thus appear on the face of the complaint or be established by proof. This burden is hardly onerous, however, because the Second Circuit recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Lannunziata v. Am. Stock Transfer & Tr. Co., LLC*, Civil Action No. 3:20-CV-1865 (CSH), 2021 U.S. Dist. LEXIS 15127, at *11 (D. Conn. Jan. 27, 2021) (internal citations omitted). The allegations of the Complaint demonstrate that this case meets the jurisdictional threshold.

Plaintiff seeks money damages for lost wages; reinstatement, or in lieu thereof, front pay; along with "emotional distress", "worsening of her medical conditions" and equitable relief (*See* Complaint, ¶ 37, Prayer for Relief).  While front pay is not a remedy available to Plaintiff under Con. Gen. Stat. § 31-51pp, lost wages through an anticipated trial date, assuming no mitigation, would satisfy the jurisdictional threshold.

Plaintiff earned $23.50 an hour at the time of her separation (Exhibit B, Pay Slip), and was ordinarily scheduled to work a 40-hour work week of 8:00 a.m. to 5:00 p.m. (Complaint, ¶ 32). Thus, Plaintiff earned $940 per week, or an annual salary of $48,880. Plaintiff alleges that in or about November she was involuntarily placed on a part time schedule and terminated in early December. (Complaint, ¶¶ 25-27, 31-34). Plaintiff's lost wages to date are at least approximately $21,620 (23 weeks) and could, if not mitigated, equal $94,940 eighteen months from now at the approximate time of trial ($73,320 plus $21,620). Thus, an award of back pay alone should exceed the jurisdictional threshold.

While Defendant disputes the availability of such damages under Conn. Gen. Stat. § 31-51pp, Plaintiff also seeks emotional distress damages and attorneys' fees. Garden variety emotional distress damages in an employment matter can range from $78,000 to $156,000 for "significant claims" and upwards of $156,000 for "egregious" emotional distress claims. *See Johnson v. City of New York*, 16 Civ. 6426 (KAM)(VMS), 2023 U.S. Dist. LEXIS 22582, at *25 (E.D.N.Y. Feb. 8, 2023).

Recently, this Court awarded a plaintiff's attorney $87,080 in fees following a plaintiff's verdict in a hostile work environment claim brought under Title VII of the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act. *See Miro v. City of Bridgeport*, No. 3:20-cv-346 (VAB), 2024 U.S. Dist. LEXIS 14074, at *12 (D. Conn. Jan. 26, 2024). Accordingly, Defendant respectfully submits that the amount in controversy in this case exceeds $75,000.[1]

---

[1] Defendant does not concede that Plaintiff is entitled to the relief sought.

**Compliance with Procedural Requirements**

8. There are no other defendants in this case. Thus, no other defendants must join in or consent to the removal of this matter. *See* 28 U.S.C. § 1446(b)(2)(A).

9. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the District of Connecticut because the county from which the State Action is being removed lies within the State of Connecticut.

10. Notice of this Petition will be filed promptly with the Superior Court for the Judicial District of Waterbury, as required by 28 U.S.C. § 1446(d).

**Conclusion**

Having fulfilled all statutory requirements, Defendant Cadence Health FL, PLCC removes this action to this Court from the Superior Court for the Judicial District of Waterbury, and requests that this Court assume jurisdiction over this matter as provided by law.

> **DEFENDANT,**
> **CADENCE HEALTH FL, PLCC,**
>
>
> By: */s/ John P. Shea*
> John P. Shea (ct17433)
> John.Shea@jacksonlewis.com
> Jackson Lewis P.C.
> 90 State House Square, 8th Floor
> Hartford, CT 06103
> P: (860) 522-0404
> F: (860) 247-1330

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on May 14, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ John P. Shea*
John P. Shea